CONNECTICUT MUTUAL LIFE INS. CO. *vs.* JAMES TUCKER *et al.*

PROVIDENCE—MAY 10, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1) *Life Insurance. Insurable Interest. Assignments.*

Where a policy of life insurance provides that any claim against the company made by the assignee of a policy shall be subject to proof of interest, in a controversy between the claimants to the fund, where this provision is not relied upon by the company, it can not be set up by the assignor as against the assignee, who has taken the policy for a valid consideration.

BILL OF INTERPLEADER.    Heard, and relief granted.

PER CURIAM.    This is a bill of interpleader to determine the title to the proceeds of a policy issued by the complainant upon the life of Hervey Pinkham who died July 2, 1900, amounting to $1,918.02, which sum has been paid into the registry of the court.

The evidence shows that the policy, which by its terms was payable to the legal representatives of the insured, was assigned by Hervey Pinkham to his brother Darius Pinkham, July 19, 1869; and that on March 10, 1894, Darius Pinkham assigned the same to James Tucker by an instrument absolute in form, but which was accompanied by a further writing which showed

that the assignment was as collateral security for a loan of three hundred dollars and future advances and debts.

It appeared, further, that at the time of the filing of the bill the indebtedness of Darius Pinkham to Tucker, intended to be secured by the assignment, exceeded the value of the policy, and has never been paid.

The fund is also claimed by Ulysses Racine, under an alleged previous assignment from Darius Pinkham, which we do not find to be established by the evidence.

The only material question in the case is whether the fund should be paid to James Tucker or to Darius Pinkham.

The objections urged to Tucker's claim are that he had no insurable interest in the life of Hervey Pinkham, and that the policy contains the condition: "That no assignment of this policy shall be valid unless made in writing indorsed hereon; and that any claim against this company, arising under this policy, made by any assignee shall be subject to proof of interest."

Whatever force these objections might have if they were urged by the company in a suit upon the policy, they are without weight in the controversy between these claimants. Public policy does not require the court to interpose the defence of want of insurable interest, but only to be satisfied that the contract is not a mere wager. *John Clark* v. *James Allen*, 11 R. I. 439; *Cronnin* v. *Life Ins. Co.*, 20 R. I. 570; *Ins. Co.* v. *Lawder*, 22 R. I. 416. Tucker, in this transaction, acted in good faith and took the assignment as a mercantile transaction to secure a debt due from Pinkham.

The provision in the policy against assignment is not relied upon by the company. It can not in equity be set up by the assignor. By every principle of good conscience he is estopped to deny the validity of the conveyance for which he has received full consideration.

We find, therefore, that Tucker is entitled to the fund.

*Littlefield & Barrows*, for complainant.

*Dexter B. Potter*, for respondent Tucker.

*George A. Littlefield*, for respondent Pinkham.

*James A. Williams*, for respondent Racine.